BURTON F. CORMIER, SR., individually and as administrator, *vs.* NICHOLAS J. CROSTA, JR., & another.   March 3, 1971.   The defendant insurer appeals from two final decrees in favor of the plaintiff on a bill in equity to reach and apply the proceeds of an insurance policy issued to the defendant Crosta.  The insurer undertook the defence of an action brought by the plaintiff against Crosta, and claims that it was excused by Crosta's breach of his obligation to coöperate as provided in the policy.   The trial judge found that the insurer failed to communicate with the insured from the time of a hearing in the District Court in July, 1966, until August 21, 1968, when its attorney sent him a letter saying "I shall arrange to [make] contact [with] you when the case is reached for trial."   On September 16, 1968, the date of trial, Crosta was out of the jurisdiction.   When Crosta's parents were alerted to the fact that the case was imminent for trial, they, through their attorney, made contact with the insurer's attorney in an effort to get a continuance.   The judge concluded that there was no failure to coöperate on the part of Crosta, but rather a failure of communication by the insurer.   We agree.   See *Imperiali* v. *Pica*, 338 Mass. 494, 498–499.

*Decrees affirmed with costs of appeal.*

*Robert B. Shumway* for Providence Washington Insurance Company.
*Joseph A. Gattoni*, for the plaintiffs, submitted a brief.